UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDELLE EMILY, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV282 RLW ) |
| RAINERI CONSTRUCTION, LLC, ANTHONY RAINERI, and ASHLEY RAINERI, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (ECF No. 14). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Wendelle Emily was employed by Defendant Raineri Construction, Inc., as an hourly-paid construction worker.[1] He filed a Complaint on February 12, 2105, alleging, *inter alia*, violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff purports to bring this FLSA putative collective action on behalf of current and former hourly-paid construction employees to recover unpaid wages and overtime compensation. Specifically, Plaintiff alleges in Count I that Defendants failed to pay overtime wages for time worked in excess of 40 hours per week in violation of the FLSA. (Compl. ¶¶ 18, 49-58, ECF No. 1) Plaintiff asserts in Count III that Defendants engaged in "time shaving" resulting in a failure to pay for all time worked in violation of the FLSA. (Compl. ¶¶ 71-82)

---

[1] Defendants Anthony and Ashley Raineri, husband and wife, are members of Raineri Construction who manage and direct the business. (Compl. ¶ 12, ECF No. 1)

Defendants operate a general contracting business in and around the St. Louis metropolitan area. Plaintiff was employed as a construction worker, and he and other construction workers were paid on an hourly basis. According to Plaintiff, during relevant times, he and other construction workers sometimes worked over 40 hours per work week, yet Defendants systematically failed to pay the overtime rate of one and one-half times the regular rate for hours worked over 40 hours per week. In addition, Plaintiff claims that Defendants reduced or "shaved" the weekly work hours of Plaintiff and other construction workers to inaccurately reflect that the employees worked less than their actual work hours. Plaintiff contends that, due to this "shaving," Defendants failed to pay Plaintiff and other construction workers for regular hours at their regular rate of pay and for overtime hours at the overtime rate. Plaintiff avers that Defendants have a policy of failing to pay overtime and of "shaving" time that Defendants apply to all construction workers.

## DISCUSSION

### Motion for Conditional Class Certification

On March 11, 2015, Plaintiff filed the instant Motion for Conditional Class Certification. Plaintiff identifies the putative class as hourly-paid construction workers employed by Defendants at any time in the last three years who file a consent to join form with the court. (Compl. ¶¶ 23, 35) Defendants oppose the motion, arguing that Plaintiff has presented no evidence to support his request to conditionally certify this case as a collective action. Defendants further assert that the four employees that provided declaration in support of Plaintiff's claim are not members of the proposed class, as they have resolved their claims against Defendants in separate litigation.

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to work a week in excess of forty hours, unless the employee is compensated for his

2

or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); *Schmaltz v. O'Reilly Auto. Stores, Inc.*, No. 4:12-CV-1056-JAR, 2013 WL 943752, at *2 (E.D. Mo. March 11, 2013).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" for purposes of a collective action. *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1016 (E.D. Mo. 2010). "The first step is the 'notice stage,' in which plaintiffs seek early conditional class certification and notify potential class members of the case." *Bilskey v. Bluff City Ice, Inc.*, No. 1:13-CV-62 SNLJ, 2014 WL 320568, at *1 (E.D. Mo. Jan. 29, 2014) (quoting *Littlefield*, 679 F. Supp. 2d at 1016). The plaintiffs' burden at this stage is not an onerous one; instead, "'[c]onditional certification at the notice stage requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.'" *Littlefield*, 679 F. Supp. 2d at 1016 (quoting *Schleipfer v. Mitek Corp.*, No. 1:06CV109 CDP, 2007 WL 2485007, at *3 (E.D. Mo. Aug. 29, 2007)). "Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence." *Bilskey*, 2014 WL 320568, at *2 (citation omitted). However, plaintiffs may not meet their burden through unsupported allegations of additional plaintiffs or widespread violations of the FLSA. *Id.* The Court does not reach the merits of the plaintiff's claims or determine whether class members are actually similarly situated at this stage of the litigation. *Id.* If the Court conditionally certifies the class, the potential class members are given notice and an

3

opportunity to opt-in. *Wilson v. PNK (River City), LLC*, No. 4:15CV00380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015).

The second step is the "merits stage" and occurs when the defendant moves to decertify the class, typically after the close of discovery. *Bilskey*, 2014 WL 230568, at *2. "Applying a stricter standard, the court at the second step makes a factual determination on the similarly situated question." *Wilson*, 2015 WL 5098716, at *2.

Upon consideration of the motion, the Court finds that, in light of the lenient notice standard, Plaintiffs "have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate." *Bowman v. Doe Run Res. Corp.*, No. 4:13CV2519 CDP, 2014 WL 3579885, at *4 (E.D. Mo. July 21, 2014). In support of Plaintiff's claim, he presents declarations from present and former hourly-paid construction workers indicating that during their periods of employment, they and other hourly-paid construction workers sometimes worked more than 40 hours per week. Ronnie King was employed by Defendants as an hourly-paid construction worker from 2010 to 2014. (King Decl. ¶ 1, ECF No. 14-1) Mr. King avers that during his employment he and other hourly-paid construction employees worked more than 40 hours a week but until sometime in 2012, Defendants did not pay overtime wages. (*Id.* at ¶¶ 2-3) After that time, Defendants did not pay Mr. King for all hours he worked and reported to the company. (*Id.* at ¶ 4) Further, supervisors told him that the company did not pay overtime. (*Id.* at ¶ 5) When Mr. King asked Payroll Administrator, Kim Larson, why his paycheck did not include all the hours he worked, Ms. Larson explained that the owner, Tony Raineri, told her to do the payroll that way. (*Id.* at ¶7)

Likewise, Danny Carbone, an hourly-paid construction worker that began employment with Defendants in 2009 or 2010, stated that he was not paid overtime or paid for all hours he worked. (Carbone Decl. ¶¶ 1-4, ECF No. 14-2) He avers that he overheard the Director of Field

4

Operations, Steve Pals, and the company's owner, Tony Raineri, mention that Defendant company does not pay overtime. (*Id.* at ¶¶ 5-7) Dominic Lawson began working for Defendants in May of 2012 and also states that he did not receive overtime pay or pay for all hours he worked. (Lawson Decl. ¶¶ 1-5, ECF No. 14-3) A supervisor told Mr. Lawson that the company did not pay overtime, and Mr. Lawson heard employees complain about Defendants overtime policy. (*Id.* at ¶¶ 3-4) In addition, Kim Larson explained to Mr. Lawson that one of the owners, Defendant Ashley Raineri, provided a formula to reduce hours to compensate for the overtime the company must pay. (*Id.* at ¶¶ 5-6)

A former supervisor, Stephen Hill, also filed a declaration indicating that during his employment from August 2012 to March 2014, he was paid less than the hours he worked and reported. (Hill Decl. ¶¶ 1-3, ECF No. 14-4) Mr. Hill states that Ms. Larson told him the company reduced employees' overtime hours using a formula. (*Id.* at ¶ 4) Moreover, Defendants' Director of Field Operations, Steve Pals, told all the superintendents that the payroll office would reduce the amounts of time reported by the superintendents and their crews. (*Id.* at ¶ 7) While Defendants appear to argue that the Court should ignore these declarations because the declarant employees have resolved separate claims against Defendants and cannot be members of the proposed class, Defendants present no authority for this proposition.

In response, Defendants have submitted a declaration from Defendant Ashley Raineri averring that Plaintiff was paid overtime at a rate of time and one-half his regular rate of pay for hours worked in excess of 40 hours a week. (Raineri Decl. ¶ 3, ECF No. 24-1) Further, she alleges that the company's superintendents were responsible for monitoring and reporting the number of hours that crew members worked and that Plaintiff's contention that he was not compensated for hours he worked directly implicates the superintendents. (*Id.* at ¶ 4) Thus, Ms.

Raineri believes a conflict of interest exists such that crew members and superintendents cannot be included in the same class of similarly situated co-workers. (*Id.*)

Additionally, Defendants maintain that, because Plaintiff failed to present evidence as to the nature and character of his duties, the Court has no basis to determine whether Plaintiff is similarly situated to the class of employees he seeks to represent. Plaintiff correctly notes that the cases Defendants rely upon pertain to misclassification claims and not to "off-the-clock" claims. With regard to off-the-clock claims, "allegations that the employees worked off-the-clock without overtime compensation typically require some proof that management imposed or knew of the off-the-clock work. Without such management participation, there is no common company policy." *Greenwald v. Phillips Home Furnishings Inc.*, No. 4:08CV1128 CDP, 2009 WL 259744, at *5 (E.D. Mo. Feb. 3, 2009). In misclassification cases, however, "a plaintiff must typically show that the employees performed similar duties, were classified as exempt, worked more than forty hours, and were not paid overtime." *Id.* (citation omitted).

Here, Plaintiff and the supporting declarations allege that Defendants have a company policy of not paying overtime and of reducing the number of hours worked by employees. The Court finds this to be sufficient evidence to demonstrate the putative class members were victims of a single decision, policy, or plan. *See Davenport v. Charter Commc'ns, LLC*, No. 4:12CV0007 AGF, 2014 WL 1272783, at *5 (E.D. Mo. Mar. 27, 2014) (conditionally certifying class where declarants "stated that specific supervisors and trainers knew about and directed them to follow procedures resulting in unpaid work"); *Schmaltz*, 2013 WL 943752, at *6 (finding sworn statements of management personnel trained in and carrying out the time-keeping practice, as well as statements from employees with direct knowledge of time record alterations to be sufficient for conditional certification); *but see Wacker v. Personal Touch Home Care, Inc.*, No. 4:08CV93 CDP, 2008 WL 4838146, at *3 (E.D. Mo. Nov. 6, 2008) (finding the complaint

6

and a single affidavit did "not constitute substantial allegations that they and the other members of the proposed collective action were victims of a single decision, policy, or plan to deprive them of pay for actual hours worked an corresponding overtime"). Based upon the allegations and the declarations presented by Plaintiff, the Court finds that Plaintiff has met his modest burden to show that conditional certification is proper. *Bowman*, 2014 WL 3579885, at *6.

Defendants also argue that, should the Court conditionally certify the class, superintendents should be excluded from the class because there is an inherent conflict of interest between management and non-management employees such that they are not similarly situated. Plaintiff contends, however, that he has shown that all employees were hourly paid and subject to the same company-wide policies to not pay overtime. Further, Plaintiff correctly notes that whether a named plaintiff is similarly situated to other employees goes the merits of the case and is not grounds for denying conditional certification of the class at the first step. *See Ondes v. Monsanto Co.*, No. 4:11CV197 JAR, 2011 WL 6152858, at *6 (E.D. Mo. Dec. 12, 2011) (citation and internal quotations omitted) ("[P]urported differences within the putative class are insufficient to deny conditional class certification" and even if differences exist, "the Court does not reach the merits of the parties' claims and defenses at the certification stage.").

In *Harris v. Chipotle Mexican Grill, Inc.*, Defendant argued that hourly-paid managers and crew members were not similarly situated because the managers could be held responsible for failing to ensure accurate time records, thus creating a conflict. 49 F. Supp. 3d 564, 579 (D. Minn. 2014). Plaintiffs responded that the managers could not be held liable under the FLSA because they had no economic or operational control over the employment relationship and, any manager's direction to crew members to work off the clock was in compliance with Defendant's unlawful policy. *Id.* The basis for Plaintiffs' claims that the hourly-paid managers were similarly situated to the crew members was the fact they were subjected to the same policy. *Id.*

The court found that the evidence presented by Plaintiffs was sufficient for conditional certification of a collective class action that included hourly-paid managers and crew members. *Id.* The court explicitly noted, "'[N]umerous courts have . . . observed that disparate factual and employment settings of the individual plaintiffs should be considered at the second stage of analysis rather than the first stage.'" *Id.* at 579-80 (quoting *Knaak v. Armour-Eckrich Meats LLC*, 991 F. Supp. 2d 1052, 1060 (D. Minn. 2014)). Further, minimal discovery had been conducted relating to the managers' responsibilities and control over the timekeeping processes such that the court found plaintiffs to be similarly situated at the first stage of the collective action. *Id.* at 580.

Similar to *Harris*, this case is in the early stages of discovery, and the Court has no basis to determine the extent of the superintendents' responsibilities and control over Defendants' pay policies. Certainly, Defendants may raise their conflict argument at the second stage in a motion to decertify the class. *Ondes*, 2011 WL 6152858, at *6; *see also Greenwald*, 2009 WL 259744, at *6 ("After discovery is complete, and the matter is fully briefed, [the court] may decertify the collective action for this (or some other) reason advanced by [defendant]. But [the court] cannot deny conditional certification because plaintiffs may not ultimately prevail on their FLSA claims.").

### Notice to Class Members

Defendants argue that, in the event this Court conditionally certifies the class, defense counsel's information should be included. The Court finds that such change is not warranted. Indeed, "the court should not alter plaintiff's proposed notice unless certain changes are necessary." *Littlefield*, 679 F. Supp. 2d at 1018 (citation omitted). Further, a court in this district recently denied a similar request as lacking merit, reasoning that identifying defense counsel in the class action notice had no basis in law and was inappropriate. *Perrin v. Papa John's Int'l,*

8

*Inc.*, No. 4:09CV01335 AGF, 2011 WL 4815246, at *4 (E.D. Mo. Oct. 11, 2011) (citations omitted). Thus, the Court will deny Defendants' request to include counsels' information in the notice.

Defendants also request that Plaintiff's proposed notice period should be reduced from 90 days to 60 days. The Court agrees that the 90 day period is excessive, especially in this case where Defendants are a local, not a national company, and the class is limited to hourly-paid workers. *See Davenport*, 2014 WL 1272783, at *8 (finding a four month opt-in period excessive and reducing the period to 60 days).

Finally, Defendants object to Plaintiff's request that Defendants distribute notice with paychecks or permit Plaintiff to send a follow-up notice three weeks prior to the expiration period. Plaintiff does not respond to Defendants' objections in his reply brief. The Court finds that notice is fair and proper via regular mail, electronic mail, and postings in the break rooms or kitchens, but not in the paychecks of employees. *White v. 14051 Manchester, Inc.*, No. 4:12CV469 JAR, 2012 WL 5994263, at *8 (E.D. Mo. Nov. 30, 2012), *modified in part*, No. 4:12CV469 JAR, 2012 WL 6607835 (E.D. Mo. Dec. 18, 2012). Further, Plaintiff presents no authority for his request to send follow-up notice three weeks prior to the expiration of the notice period, and the Court will deny said request.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice (ECF No. 14) is **GRANTED** consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class of all current and former hourly-paid construction workers employed by Defendant Raineri Construction, LLC during the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Your Right to Join Lawsuit (Ex. 5) is amended to provide an opt-in period of 60 days rather than 90 days. The proposed notice is otherwise approved and shall be disseminated by regular mail and email and by posting notice in the company's breakrooms.

**IT IS FURTHER ORDERED** that Plaintiff's proposed Consent Form (Ex. 6) is approved as submitted.

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff's counsel no later than December 7, 2015 a computer readable data file containing the name, last known mailing address and email address, and dates of employment for each putative member of the conditionally certified class.

Dated this 20th day of November, 2015.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**